UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 11622 MLW

OLGA A. SAHAN, )
    Plaintiff, )
)
vs. )  MAGISTRATE JUDGE Dein
)
HOME DEPOT U.S.A., Inc., )
    Defendant. )

RECEIPT # 66011
AMOUNT $ 250
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ____
BY DPTY. CLK. Tom
DATE 8/4/05

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

### Introduction

1. This is a claim by Olga A. Sahan against Home Depot, for unpaid overtime wages in violation of Mass. Gen. L. c. 151, § 1A and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and for discrimination because of her sex (female) by failing to pay her wages that were equal to her male colleagues performing the same or comparable work in violation of Mass. Gen. L. c. 151B §4(1), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Mass. Gen. L. c. 149, §105A (the Massachusetts Equal Pay Act), and 29 U.S.C. § 206(d) (the Federal Equal Pay Act).

### Parties

2. Plaintiff Olga A. Sahan ("Plaintiff and/or Ms. Sahan") is an adult resident of the Commonwealth of Massachusetts, who resides at 6 Kimball Court, #203, Woburn, MA, Middlesex County.

1

3. Defendant Home Depot U.S.A., Inc. is a business entity, whose corporate headquarters are located at 2445 Paces Ferry Road, Atlanta, GA.

## Jurisdiction

4. Ms. Sahan timely filed a claim under Mass. Gen. L. c. 149, § 148 with the Attorney General, who issued a right to sue letter on May 6, 2005. Ms. Sahan timely filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") on April 15, 2005, which was removed on July 18, 2005, in order to file this lawsuit pursuant to Mass. Gen. L. c. 151B, § 9. This Court has original jurisdiction pursuant to both 28 U.S.C. § 1331 based on federal question, and 28 U.S.C. § 1332 based on diversity of citizenship.

## Factual Allegations

5. Ms. Sahan started working for Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") in July of 1997.

6. On or about July 7, 2000, Ms. Sahan was transferred to Home Depot's new EXPO Design Center ("Design Center") and given the position of Kitchen Project Designer.

7. When Ms. Sahan was transferred to the Design Center in July 2000, she was earning $14.75 per hour.

8. As Kitchen Project Designer, Ms. Sahan was a non-exempt employee. From the Design Center's opening around August to early December 2000, Ms. Sahan was paid for the overtime that she worked. However, after December, Home Depot rarely paid her overtime even though Ms. Sahan routinely continued to work in excess of 40 hours a week. She often had to take work home, to work most Sundays and to come in on her weekday off. Ms. Sahan was also frequently called by customers, managers and co-

workers while not in the store. She routinely worked through lunch. The amount of overtime Ms. Sahan worked in this position ranged from approximately 11 hours to approximately 17.5 hours a week.

9. During the time Ms. Sahan worked as a Kitchen Project Designer, from July 2000 to April 2003, she received a number of raises, which eventually brought her rate of pay up to $21.00 an hour in June 2002.

10. Many employees routinely, and with management knowledge, worked overtime and were not paid. Ms. Sahan was told to clock in and clock out to make her official time records look like she was working only 40 hours a week, even though her managers knew she was working many more hours. Her managers told her it was against company policy to be working "off the clock." Nevertheless, to get her job done, she had to work in excess of 40 hours a week.

11. In July 2000, Robert Sylvestri was hired as a Project Designer in the Design Center, a position that was the same as Ms. Sahan's position. On information and belief, Mr. Sylvestri (who is a man) was earning approximately $30.00 per hour. In June 2001, Mr. Sylvestri was promoted to Department Supervisor of Design. Upon information and belief, he was earning at least $30 an hour in that position.

12. In April 2003, Ms. Sahan was promoted to Department Supervisor of Design, taking over the position from Mr. Sylvestri. The Department Supervisor of Design position is a non-exempt position. Ms. Sahan was paid on an hourly basis. Ms. Sahan received a $1.00 raise, bringing her hourly wage up to $22.00 an hour.

13. As Department Supervisor of Design, Ms. Sahan continued to work overtime for which she was not paid. She was required to have her cell phone on when she was not in the

store so that customers, managers, designers and contractors could reach her from approximately 7 a.m. until 9 p.m. on most days. With the full knowledge of management, she continued to take work home in order to meet deadlines. She was still regularly working through or skipping lunch and breaks.

14. In May 2003, Craig Sherman, the Department Supervisor of Installations in the Design Center gave his notice and left the company. On information and belief, Mr. Sherman was earning an hourly wage of approximately $30.00 when he left Home Depot.

15. In May 2003, George Kay, District Manager, put Ms. Sahan in charge of the Project Installation Department which Mr. Sherman had been supervising. This was in addition to her continued role as Department Supervisor of Design. She received no raise for this additional responsibility. She was now performing two fulltime jobs, working on average approximately 70 hours a week, yet was only being paid for only 40 hours a week.

16. On a few occasions, Ms. Sahan complained to Mr. Kay that she was performing two jobs for an hourly wage far less than that of either one of her male predecessors. In response, Mr. Kay told her that she was doing such a great job that he wanted her to keep both departments. She did not receive a raise for running the two departments.

17. In January 2004, the Department Supervisor of Kitchens went on maternity leave and Ms. Sahan was also given the responsibility of this department for the next 12 to 14 weeks. Ms. Sahan was now managing three departments, working even longer hours, but was only compensated for 40 hours a week.

18. Tracy Talbot (Ms. Sahan's direct supervisor) took a leave of absence for about three months in the summer of 2004. Ms. Sahan was assigned to take on her job duties as well as the duties she was already performing.

19. In mid-September 2004, the Project Installation Department was restructured and the position of Department Supervisor of Installations was eliminated and a new salaried position was created at the Store Manager level. Ms. Sahan was told that she was not qualified to apply for the position because she was not at an Assistant Manager position, even though she had already performed the job duties required by the new position. The position was given to Paul Owen, a male, and not to Ms. Sahan. Ms. Sahan continued to supervise the Design Room, which was a lower level, hourly wage position.

20. In January 2005, Ms. Sahan complained to both her supervisor, Tracy Talbot, and the Store Manager, Bing Yeo, about her rate of pay. Ms. Sahan told both Ms. Talbot and Mr. Yeo that she was paid significantly less than the men who had done the same job before her.

21. On February 16, 2005, Home Depot terminated Ms. Sahan's employment.

22. Ms. Sahan timely filed a claim under Mass. Gen. L. c. 149, § 151 for failure to pay overtime with the Attorney General, who issued a right to sue letter on May 6, 2005.

23. Ms. Sahan timely filed a charge of sex discrimination pursuant to Mass. Gen. L. c. 151B with the MCAD on April 15, 2005. Pursuant to Mass. Gen. L. c. 151B § 9, Ms. Sahan removed her charge from the MCAD on July 18, 2005, in order to file this civil action.

## COUNT I

### Failure to Pay Overtime in Violation of Mass. Gen. L. c. 151, § 1A

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. At all times, Ms. Sahan was a non-exempt employee, entitled to be paid for any hours worked in excess of 40 hours per week at a rate of no less than one-and-one half her regular rate of pay.

26. Defendant Home Depot regularly failed to pay Ms. Sahan for hours worked in excess of 40 hours a week while she was employed at Home Depot's EXPO Design Center from January 2001 to February 2005, in violation of Mass. Gen. L. c. 151, § 1A.

27. As a result of the conduct alleged, Ms. Sahan has suffered lost compensation, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays this Court enter a judgment on Count I above against the Defendants and award her compensatory damages in the amount of her unpaid overtime, triple damages, reasonable attorneys' fees and costs, interest, and such other relief as the Court deems just and proper.

### COUNT II

### Failure to Pay Overtime in Violation of Fair Labor Standards Act

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. At all times, Ms. Sahan was a non-exempt employee, entitled to be paid for any hours worked in excess of 40 hours per week at a rate of no less than one-and-one half her regular rate of pay.

30. Defendant Home Depot regularly failed to pay Ms. Sahan for hours worked in excess of 40 hours a week while she was employed at Home Depot's EXPO Design Center from January 2001 to February 2005, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a).

31. Home Depot either knew, or showed reckless disregard, for whether its conduct in failing to pay overtime was a violation of the FLSA.

32. As a result of the conduct alleged, Ms. Sahan has suffered lost compensation, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays this Court enter a judgment on Count II above against the Defendants and award her compensatory damages in the amount of her unpaid overtime, an equal amount as liquidated damages, reasonable attorneys' fees and costs, interest, and such other relief as the Court deems just and proper.

### COUNT III

### Sex Discrimination: Wages (Title VII & Mass. Gen. L. c. 151B, § 4)

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant Home Depot, discriminated against Ms. Sahan because of her sex (female) by failing to pay her wages that were equal to her male colleagues performing the same or comparable work in violation of Mass. Gen. L. c. 151B §4(1), and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

35. As a direct and proximate result of Defendants' discrimination, Ms. Sahan has suffered damages including, but not limited to, lost compensation, emotional distress and attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays this Court enter a judgment on Count III above against the Defendants and award her compensatory damages, emotional distress damages, punitive damages, attorneys' fees and costs, interest, and such other relief as the Court deems just and proper.

## COUNT IV

### Massachusetts Equal Pay Act Violation (Mass. Gen. L. c. 149, § 105A )

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Defendant Home Depot discriminated against Ms. Sahan because of her sex (female) by failing to pay her wages that were equal to her male colleagues performing work of like or comparable character in violation of the Massachusetts Equal Pay Act, Mass. Gen. L. c. 149, §105A.

38. As a direct and proximate result of Defendants' discrimination, Ms. Sahan has suffered damages including, but not limited to, lost compensation, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays this Court enter a judgment on Count IV above against the Defendants and award her compensatory damages in the amount of her unpaid wages, an equal amount as liquidated damages, attorneys' fees and costs, interest, and such other relief as the Court deems just and proper.

## COUNT V

### Equal Pay Act Violation (29 U.S.C. § 206(d))

39. Ms. Sahan realleges and incorporates by reference paragraphs 1 through 38 above.

40. Defendant Home Depot discriminated against Ms. Sahan on the basis of her sex (female) by paying her wages at a rate less than the rate at which it paid wages to male employees for work performed which required equal skill, effort, and responsibility, and was performed under similar working conditions.

41. Defendant Home Depot, by failing to pay Ms. Sahan wages that were equal to her male colleagues performing the same work, violated the federal Equal Pay Act, 29 U.S.C. § 206(d).

42. As a direct and proximate result of the above described unlawful employment practices, Ms. Sahan sustained a loss of income.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment on Count IV above against Defendant, and order it to pay to Plaintiff any and all amounts owed to her which have been withheld in violation of 29 U.S.C. § 206(d), an equal amount as liquidated damages, attorneys' fees, costs and interest, and such other relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury on all counts so triable.**

Respectfully submitted,
By her attorneys,

*/s/ Nina Joan Kimball*
Nina Joan Kimball, BBO #547567
Justine H. Brousseau, BBO #553776
Kimball Brousseau, LLP
One Washington Mall, 14th Floor
Boston, MA
(617) 367-9449

Dated: August 4, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Sahan v. Home Depot U.S.A., Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]    NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]    NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✓]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [✓]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Nina Joan Kimball, Esq. and Justine H. Brousseau, Esq.
ADDRESS   Kimball Brousseau, LLP, One Washington Mall, 14th Floor, Boston, MA 02108
TELEPHONE NO.   617-367-9449

(CategoryForm.wpd - 5/2/05)

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Sahan, Olga A.

**DEFENDANTS**
Home Depot U.S.A., Inc.

**(b)** County of Residence of First Listed Plaintiff  Middlesex County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kimball Brousseau, LLP, One Washington Mall, 14th Floor,
Boston, MA 02108     617-367-9449     ( see attachment )

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 720 Labor/Mgmt. Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 862 Black Lung (923) |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 864 SSID Title XVI |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 865 RSI (405(g)) |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 894 Energy Allocation Act |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 201 et. seq. (Fair Labor Standards Act)
Brief description of cause:
Claim for overtime and sex discrimination in payment of wages

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 8/4/05
SIGNATURE OF ATTORNEY OF RECORD  /s/ Mina Joan Kimball

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

**ATTACHMENT**

I. (c) attorneys of record

    Nina Joan Kimball, Esq.
    Justine H. Brousseau, Esq.