UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLGA A. SAHAN,<br><br>   Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>   Defendant. | Civil Action No. 05-11622 MLW |

## ANSWER

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), by and through its attorneys, answer the allegations contained in Plaintiff's Complaint as follows:

1.  Paragraph 1 is an introductory paragraph containing a summary of the action being brought and alleged with specificity in the forthcoming paragraphs, and therefore requires neither an admission nor denial by Defendant. To the extent that such summary allegations suggest unlawful discrimination or retaliation, they are denied.

2.  Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 2, and accordingly, they are denied.

3.  Defendant admits the allegations contained in paragraph 3.

4.  Defendant is without sufficient information to form a belief as to the truth of the matters asserted in the first sentence of paragraph 4, and accordingly, they are denied. Defendant denies the allegations contained in the second sentence of paragraph 4. The third sentence of paragraph 4 contains a statement of jurisdiction, not a factual averment, and therefore requires neither an admission nor denial by Defendant; to the extent that an admission or denial is required to this sentence, the allegations contained therein are denied.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits that Plaintiff transferred in or about July 2000 and that she ultimately became a Kitchen Designer in September 2000.

7. Defendant admits that after she transferred, Plaintiff was paid the rate alleged in paragraph 7.

8. Defendant admits the allegations contained in the first two sentences of paragraph 8. Defendant denies the remaining allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9, except for the date of the rate of pay alleged.

10. Defendant admits that it was against company policy to work "off the clock," but denies the remaining allegations contained in paragraph 10.

11. Defendant denies the allegations contained in the first, second and fourth sentences of paragraph 11. Defendant admits the allegations contained in the third sentence of paragraph 11.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 20, and accordingly, they are denied.

21. Defendant admits the allegations contained in paragraph 21.

22. Defendant is without sufficient information to form a belief as to the truth of the matters asserted in paragraph 22, and accordingly, they are denied.

23. Defendant admits the allegations contained in the first sentence of paragraph 23. Defendant denies the allegations contained in the second sentence of paragraph 23.

## COUNT I

24. Defendant incorporates by reference the answers to paragraphs 1 through 23 as though fully set forth herein.

25. Defendant states that this sentence contains a legal conclusions and not a factual averment and thereby does not require an admission or denial. To the extent that an admission or denial is required, Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

## COUNT II

28. Defendant incorporates by reference the answers to paragraphs 1 through 27 as though fully set forth herein.

29. Defendant states that this sentence contains a legal conclusions and not a factual averment and thereby does not require an admission or denial. To the extent that an admission or denial is required, Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

## COUNT III

33. Defendant incorporates by reference the answers to paragraphs 1 through 32 as though fully set forth herein.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

## COUNT IV

36. Defendant incorporates by reference the answers to paragraphs 1 through 35 as though fully set forth herein.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

## COUNT V

39. Defendant incorporates by reference the answers to paragraphs 1 through 38 as though fully set forth herein.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

WHEREFORE Defendant denies that Plaintiff is entitled to any of the relief requested against it in any count and denies each and every allegation not heretofore specifically admitted and prays this Court to dismiss Plaintiff's Complaint and award it costs, fees and any other relief it deems just.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which any relief can be granted.

2. Plaintiff's claims are barred in whole or in part because she has failed to comply with administrative procedures that are a prerequisite to maintaining this action, including claims that are beyond the scope of her charge.

3. Plaintiff's claims are barred in whole or in part because of the applicable statute of limitations.

4. All actions regarding Plaintiff's employment were taken for legitimate, non-discriminatory business reasons.

5. Although Defendant expressly denies any liability to Plaintiff, Plaintiff has failed to mitigate her damages, if any.

6. Complaint is barred in whole or in part because, at all relevant times, the actions of the Defendant were legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

7. Plaintiffs' Complaint is barred, in whole or in part, because Plaintiff's relationship with the Defendants was terminable at-will by either party.

8. To the extent that it is found by direct or circumstantial evidence that discriminatory intent in any way motivated the decision to terminate Plaintiff (which Defendant otherwise specifically denies herein), Defendant would have taken the same actions against Plaintiff but for such discriminatory intent or motive.

9. To the extent that Plaintiff worked greater than the hours that she reported, she acted with Defendant's knowledge and against Defendant's policies, and otherwise outside the

scope of her employment.

10. Plaintiff is not entitled to punitive or exemplary damages.

11. Plaintiff's claims are barred by the doctrines of laches, waiver, and/or estoppel.

12. Defendants reserve its right to add affirmative defenses as they become known.

    Respectfully submitted,

    HOME DEPOT, U.S.A., INC.,

    By Its Attorneys,

    MORGAN, BROWN & JOY, LLP
    200 State Street
    Boston, Massachusetts  02109
    (617) 523-6666

    _/s/ Joseph P. McConnell_____
    Robert P. Joy, Jr. (BBO No. 254820)
    Joseph P. McConnell (BBO No. 566412)

Date: September 21, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Nina Kimball, Esq., Kimball Brousseau, LLP, One Washington Mall, 14th Floor, Boston, MA 02108, by first-class U.S. mail this 21st day of September 2005.

    _/s/ Joseph P. McConnell_____