UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Eastern Division                                                          Case No. 05-11622-MLW

| | |
|---|---|
| OLGA A. SAHAN,                    ) | |
|     Plaintiff,           ) | |
|                           ) | |
| vs.                               ) | |
|                           ) | |
| HOME DEPOT U.S.A., Inc.,          ) | |
|     Defendant.          ) | |

## Joint Statement Pursuant To Local Rule 16.1 (D)

Pursuant to the Notice of Scheduling Conference issued by this Court on March 29, 2006, counsel for the parties conferred for the express purpose of 1) preparing an agenda of matters to be discussed at the May 24, 2006 Scheduling Conference, 2) the parties' positions on preparing a proposed pre-trial schedule for the case, including the parties' positions on discovery, and 3) considering whether they will consent to trial by Magistrate Judge. Based on this conference, the parties hereby submit this Joint Statement pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D).

**I.      MATTERS TO BE DISCUSSED AT THE RULE 16.1 CONFERENCE**

The parties wish to discuss at the Rule 16.1 Conference to be held in this case on May 24, 2006, the following matters:

    a)  The parties' proposed pre-trial and discovery schedule; and

    b)  Status of settlement discussions. Plaintiff made a settlement demand on May 12, 2006 pursuant to the Court's order. Defendant will be prepared to respond to the settlement demand at the Scheduling Conference pursuant to the Court's order.

II.     **STATEMENT CONCERNING MEDIATION**

Plaintiff would be willing to attempt to mediate the case prior to engaging in discovery. Defendant would be generally willing to mediate, but believes that such pre-discovery efforts may not be fruitful.

III.    **PROPOSED PRE-TRIAL AND DISCOVERY PLAN:**

A.     Initial discovery requests (interrogatories, requests for production of documents and requests for admissions), to develop information needed for a realistic assessment of the case, to be served and answered no later than August 25, 2006;

B.     After receipt of responses to initial discovery requests, Plaintiff and Defendants may each take no more than three (3) depositions, to develop information needed for a realistic assessment of the case, between August 1 and October 31, 2006 (if responses are delayed, the deposition schedule shall also be set back). If, after completion of initial discovery and depositions, the parties believe that discovery has been completed, the parties will jointly request the Court schedule the settlement conference referenced in E below;

C.     If, after completion of initial discovery and depositions, the parties believe that additional discovery (interrogatories, requests for production of documents and requests for admissions) and depositions, are needed, they must serve, answer and complete such discovery no later than December 31, 2006;

      D.      All discovery completed by December 31, 2006.  The total amount of discovery propounded as set forth in subsections (A) through (C) above shall not exceed the limits prescribed by Local Rule 26.1(C)[1];

      E.      In order to explore an early resolution of the case, the parties request the Court to appoint, in accordance with the provisions of Loc. R. 16.4, a judicial officer to convene and preside over a settlement conference within twenty (20) days of the parties' joint notification to the Court of the completion of discovery;

      F.      In the event that the case is not resolved at the settlement conference and the parties determine that expert witnesses are necessary, designations will occur as follows: by Plaintiff no later than thirty (30) days after settlement conference; and by Defendant no later than thirty (30) days after Plaintiff's designations.  Expert witness depositions, if any, to be completed within thirty (30) days after Defendant's designations;

      G.      In the event the case is not resolved at the settlement conference, any and all Rule 56 motions for partial or summary judgment to be filed within forty-five (45) days of the settlement conference, if no expert witness designations are made; or, if expert witness designations are made, within forty-five (45) days of the last expert witness deposition; any oppositions thereto filed within fourteen (14) days, any reply briefs to said oppositions filed within fourteen (14) days, and any surreplies to be filed within fourteen (14) days;

      H.      Final Pre-Trial Conference within forty-five (45) days of the parties' joint notification to the Court requesting a Pre-Trial conference; and

---

[1] Per Local Rule 26.1(C), each side (or group of parties with a common interest) is limited to: 10 depositions ; 25 Interrogatories; 25 Requests for Admissions; and 2 separate sets of Document Requests.

I.  In the event that factual issues remain to be tried, said trial is scheduled to commence according to the Court's schedule.

IV. **STATEMENT CONCERNING TRIAL BY MAGISTRATE JUDGE**

Plaintiff consents to trial by a magistrate judge.  Defendant does not consent to trial referral at this time.

V. **LOCAL RULE 16.1 CERTIFICATION**

Plaintiff and defendant file herewith their respective certifications pursuant to Loc. R. 16.1.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| Attorneys for Plaintiff | Attorney for Defendant |
| OLGA A. SAHAN, | HOME DEPOT U.S.A., INC., |
| | |
| */s/ Nina Joan Kimball* | */s/ Joseph P. McConnell* |
| Nina Joan Kimball    BBO# 547567 | Joseph P. McConnell  BBO #566412 |
| Justine H. Brousseau   BBO# 553776 | Morgan, Brown & Joy, LLP |
| Kimball Brousseau LLP | 200 State Street, 11th Floor |
| One Washington Mall, 14th Floor | Boston, MA 02109 |
| Boston, MA  02108 | (617) 523-6666 |
| (617) 367-9449 | |

Dated: May 19, 2006

4