UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. <u>05-11622-MLW</u>

| | |
|---|---|
| OLGA A. SAHAN,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| HOME DEPOT U.S.A., Inc.,<br>    Defendant. | )<br>) |

### Plaintiff's Motion to Amend Complaint and Demand for Jury Trial

Now comes the Plaintiff Olga A. Sahan ("Plaintiff" or "Ms. Sahan") and moves for leave to amend her Complaint and Demand for Jury Trial ("Complaint") pursuant to Fed. R. Civ. P. 15(a) against Defendant Home Depot U.S.A., Inc. ("Defendant") to add a Count VI for sex discrimination based on the failure to promote her.[1]

    **A.**    <u>**Leave to Amend Should be Freely Granted**</u>

Rule 15(a) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts are meant to look favorably upon requests to amend a complaint so that meritorious claims can be tested on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, the Supreme Judicial Court's recent decision in *Sylvestris v. Tantasqua Regional School District*, 446 Mass. 756 (2006), which was decided after the Complaint was filed in this

---

[1] Counts I and II are claims for unpaid overtime wages under state and federal law. Counts III, IV and V are claims under state and federal law that Defendant failed to pay Plaintiff wages that were equal to her male colleagues performing the same or comparable work.

case, raises questions about the statute of limitations for Plaintiff's sex discrimination wage claims. It is unclear how that decision will affect plaintiff's claims in Counts III and IV. Plaintiff's wage claims were based, in part, on Defendant's decision not to promote her in September 2004 in favor of a man. In order to avoid uncertainties raised by the *Sylvestris* decision, Plaintiff seeks to add a separate claim for sex discrimination under both state and federal law based on the failure to promote her. By adding this as a separate count, this clarifies the failure to promote as a separate adverse action from her sex discrimination in wages claims.

Plaintiff has met her administrative filing requirements because the failure to promote her in September 2004 fell within the 300-day filing period of her MCAD Charge, which was filed in April 2005, and she included those allegations in her MCAD Charge. Hence, there are no statute of limitations issues related to the failure to promote claim.

### B.   No Circumstances Exist For Refusing To Allow Plaintiff To Amend Her Complaint

Only in exceptional circumstances, not present here, should the Court refuse to allow Ms. Sahan to amend her complaint. Ms. Sahan has not engaged in "undue delay, bad faith or dilatory motive." *Foman*, 371 U.S. at 182. To the contrary, she moved promptly to add this claim after the SJC's recent decision. The Defendants are already on notice of the allegations underlying the failure to promote claim because the factual allegations are already contained in both Ms. Sahan's MCAD Charge and in the original Complaint filed with this Court. Plaintiff's counsel brought to the Court's and Defendant's attention at the Scheduling Conference that she would be seeking to amend the Complaint on this basis.

If Ms. Sahan's motion for leave to amend is granted, she will file the Amended Complaint (which is Exhibit A hereto), which adds Count VI.

Respectfully Submitted,

Plaintiff Olga A. Sahan,
By Her Attorney,


/s/  *Nina Joan Kimball*
Nina Joan Kimball     BBO #547567
Justine H. Brousseau   BBO #553776
Kimball Brousseau LLP
One Washington Mall, 14th Floor
Boston, MA  02108
617.367.9449
nkimball@kbattorneys.com
jbrousseau@kbattorneys.com

Dated:  June 13, 2006


## Certificate of Compliance in Accordance With Local Rule 7(a)(2)

I, Nina Joan Kimball, hereby certify that on the 8th day of June, 2006, I conferred with Defendant's counsel of record, via telephone, in a good faith attempt to resolve or narrow the issues that are the subject of this Motion.


/s/  *Nina Joan Kimball*
Nina Joan Kimball, Esq.


## Certificate of Service in Accordance With Local Rule 5.2(b)

I, Nina Joan Kimball, hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/  *Nina Joan Kimball*
Nina Joan Kimball, Esq.

UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Eastern Division                                              Case No. <u>05-11622-MLW</u>

OLGA A. SAHAN,                              )
    Plaintiff,                                  )
                                                )
vs.                                         )
                                                )
HOME DEPOT U.S.A., Inc.,                    )
    Defendant.                                  )

# AMENDED COMPLAINT AND
# DEMAND FOR JURY TRIAL

### Introduction

1.    This is a claim by Olga A. Sahan against Home Depot, for unpaid overtime wages in violation of Mass. Gen. L. c. 151, § 1A and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; for discrimination because of her sex (female) by failing to pay her wages that were equal to her male colleagues performing the same or comparable work in violation of Mass. Gen. L. c. 151B §4(1), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., Mass. Gen. L. c. 149, §105A (the Massachusetts Equal Pay Act), and 29 U.S.C. § 206(d) (the Federal Equal Pay Act); and for discrimination because of her sex (female) by failing to promote her in violation of Mass. Gen. L. c. 151B §4(1), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

## Parties

2. Plaintiff Olga A. Sahan ("Plaintiff and/or Ms. Sahan") is an adult resident of the Commonwealth of Massachusetts, who resides at 6 Kimball Court, #203, Woburn, MA, Middlesex County.

3. Defendant Home Depot U.S.A., Inc. is a business entity, whose corporate headquarters are located at 2445 Paces Ferry Road, Atlanta, GA.

## Jurisdiction

4. Ms. Sahan timely filed a claim under Mass. Gen. L. c. 149, § 148 with the Attorney General, who issued a right to sue letter on May 6, 2005. Ms. Sahan timely filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") on April 15, 2005, which was removed on July 18, 2005, in order to file this lawsuit pursuant to Mass. Gen. L. c. 151B, § 9. This Court has original jurisdiction pursuant to both 28 U.S.C. § 1331 based on federal question, and 28 U.S.C. § 1332 based on diversity of citizenship.

## Factual Allegations

5. Ms. Sahan started working for Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") in July of 1997.

6. On or about July 7, 2000, Ms. Sahan was transferred to Home Depot's new EXPO Design Center ("Design Center") and given the position of Kitchen Project Designer.

7. When Ms. Sahan was transferred to the Design Center in July 2000, she was earning $14.75 per hour.

8.  As Kitchen Project Designer, Ms. Sahan was a non-exempt employee. From the Design Center's opening around August to early December 2000, Ms. Sahan was paid for the overtime that she worked. However, after December, Home Depot rarely paid her overtime even though Ms. Sahan routinely continued to work in excess of 40 hours a week. She often had to take work home, to work most Sundays and to come in on her weekday off. Ms. Sahan was also frequently called by customers, managers and co-workers while not in the store. She routinely worked through lunch. The amount of overtime Ms. Sahan worked in this position ranged from approximately 11 hours to approximately 17.5 hours a week.

9.  During the time Ms. Sahan worked as a Kitchen Project Designer, from July 2000 to April 2003, she received a number of raises, which eventually brought her rate of pay up to $21.00 an hour in June 2002.

10. Many employees routinely, and with management knowledge, worked overtime and were not paid. Ms. Sahan was told to clock in and clock out to make her official time records look like she was working only 40 hours a week, even though her managers knew she was working many more hours. Her managers told her it was against company policy to be working "off the clock." Nevertheless, to get her job done, she had to work in excess of 40 hours a week.

11. In July 2000, Robert Sylvestri was hired as a Project Designer in the Design Center, a position that was the same as Ms. Sahan's position. On information and belief, Mr. Sylvestri (who is a man) was earning approximately $30.00 per hour. In June 2001, Mr. Sylvestri was promoted to Department Supervisor of Design. Upon information and belief, he was earning at least $30 an hour in that position.

12. In April 2003, Ms. Sahan was promoted to Department Supervisor of Design, taking over the position from Mr. Sylvestri. The Department Supervisor of Design position is a non-exempt position. Ms. Sahan was paid on an hourly basis. Ms. Sahan received a $1.00 raise, bringing her hourly wage up to $22.00 an hour.

13. As Department Supervisor of Design, Ms. Sahan continued to work overtime for which she was not paid. She was required to have her cell phone on when she was not in the store so that customers, managers, designers and contractors could reach her from approximately 7 a.m. until 9 p.m. on most days. With the full knowledge of management, she continued to take work home in order to meet deadlines. She was still regularly working through or skipping lunch and breaks.

14. In May 2003, Craig Sherman, the Department Supervisor of Installations in the Design Center gave his notice and left the company. On information and belief, Mr. Sherman was earning an hourly wage of approximately $30.00 when he left Home Depot.

15. In May 2003, George Kay, District Manager, put Ms. Sahan in charge of the Project Installation Department which Mr. Sherman had been supervising. This was in addition to her continued role as Department Supervisor of Design. She received no raise for this additional responsibility. She was now performing two fulltime jobs, working on average approximately 70 hours a week, yet was only being paid for only 40 hours a week.

16. On a few occasions, Ms. Sahan complained to Mr. Kay that she was performing two jobs for an hourly wage far less than that of either one of her male predecessors. In response, Mr. Kay told her that she was doing such a great job that he wanted her to keep both departments. She did not receive a raise for running the two departments.

17. In January 2004, the Department Supervisor of Kitchens went on maternity leave and Ms. Sahan was also given the responsibility of this department for the next 12 to 14 weeks. Ms. Sahan was now managing three departments, working even longer hours, but was only compensated for 40 hours a week.

18. Tracy Talbot (Ms. Sahan's direct supervisor) took a leave of absence for about three months in the summer of 2004. Ms. Sahan was assigned to take on her job duties as well as the duties she was already performing.

19. In mid-September 2004, the Project Installation Department was restructured and the position of Department Supervisor of Installations was eliminated and a new salaried position was created at the Store Manager level. When she inquired about applying for the position, Ms. Sahan was told that she was not qualified to apply, because she was not at an Assistant Manager position, even though she had already performed the job duties required by the new position. The position was given to Paul Owen, a male, and not to Ms. Sahan. Ms. Sahan continued to supervise the Design Room, which was a lower level, hourly wage position.

20. In January 2005, Ms. Sahan complained to both her supervisor, Tracy Talbot, and the Store Manager, Bing Yeo, about her rate of pay. Ms. Sahan told both Ms. Talbot and Mr. Yeo that she was paid significantly less than the men who had done the same job before her.

21. On February 16, 2005, Home Depot terminated Ms. Sahan's employment.

22. Ms. Sahan timely filed a claim under Mass. Gen. L. c. 149, § 151 for failure to pay overtime with the Attorney General, who issued a right to sue letter on May 6, 2005.

5

23. Ms. Sahan timely filed a charge of sex discrimination pursuant to Mass. Gen. L. c. 151B with the MCAD on April 15, 2005. Pursuant to Mass. Gen. L. c. 151B § 9, Ms. Sahan removed her charge from the MCAD on July 18, 2005, in order to file this civil action.

## COUNT I

### Failure to Pay Overtime in Violation of Mass. Gen. L. c. 151, § 1A

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. At all times, Ms. Sahan was a non-exempt employee, entitled to be paid for any hours worked in excess of 40 hours per week at a rate of no less than one-and-one half her regular rate of pay.

26. Defendant Home Depot regularly failed to pay Ms. Sahan for hours worked in excess of 40 hours a week while she was employed at Home Depot's EXPO Design Center from January 2001 to February 2005, in violation of Mass. Gen. L. c. 151, § 1A.

27. As a result of the conduct alleged, Ms. Sahan has suffered lost compensation, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays this Court enter a judgment on Count I above against the Defendant and award her compensatory damages in the amount of her unpaid overtime, triple damages, reasonable attorneys' fees and costs, interest, and such other relief as the Court deems just and proper.

## COUNT II

### Failure to Pay Overtime in Violation of Fair Labor Standards Act

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. At all times, Ms. Sahan was a non-exempt employee, entitled to be paid for any hours worked in excess of 40 hours per week at a rate of no less than one-and-one half her regular rate of pay.

30. Defendant Home Depot regularly failed to pay Ms. Sahan for hours worked in excess of 40 hours a week while she was employed at Home Depot's EXPO Design Center from January 2001 to February 2005, in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a).

31. Home Depot either knew, or showed reckless disregard, for whether its conduct in failing to pay overtime was a violation of the FLSA.

32. As a result of the conduct alleged, Ms. Sahan has suffered lost compensation, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays this Court enter a judgment on Count II above against the Defendant and award her compensatory damages in the amount of her unpaid overtime, an equal amount as liquidated damages, reasonable attorneys' fees and costs, interest, and such other relief as the Court deems just and proper.

## COUNT III

### Sex Discrimination: Wages (Title VII & Mass. Gen. L. c. 151B, § 4)

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant Home Depot, discriminated against Ms. Sahan because of her sex (female) by failing to pay her wages that were equal to her male colleagues performing the same or comparable work in violation of Mass. Gen. L. c. 151B §4(1), and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

35. As a direct and proximate result of Defendant's discrimination, Ms. Sahan has suffered damages including, but not limited to, lost compensation, emotional distress and attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays this Court enter a judgment on Count III above against the Defendant and award her compensatory damages, emotional distress damages, punitive damages, attorneys' fees and costs, interest, and such other relief as the Court deems just and proper.

## COUNT IV

### Massachusetts Equal Pay Act Violation (Mass. Gen. L. c. 149, § 105A )

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Defendant Home Depot discriminated against Ms. Sahan because of her sex (female) by failing to pay her wages that were equal to her male colleagues performing work of like or comparable character in violation of the Massachusetts Equal Pay Act, Mass. Gen. L. c. 149, §105A.

38. As a direct and proximate result of Defendant's discrimination, Ms. Sahan has suffered damages including, but not limited to, lost compensation, attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays this Court enter a judgment on Count IV above against the Defendant and award her compensatory damages in the amount of her unpaid wages, an equal amount as liquidated damages, attorneys' fees and costs, interest, and such other relief as the Court deems just and proper.

## COUNT V

### Equal Pay Act Violation (29 U.S.C. § 206(d))

39. Ms. Sahan realleges and incorporates by reference paragraphs 1 through 38 above.

40. Defendant Home Depot discriminated against Ms. Sahan on the basis of her sex (female) by paying her wages at a rate less than the rate at which it paid wages to male employees for work performed which required equal skill, effort, and responsibility, and was performed under similar working conditions.

41. Defendant Home Depot, by failing to pay Ms. Sahan wages that were equal to her male colleagues performing the same work, violated the federal Equal Pay Act, 29 U.S.C. § 206(d).

42. As a direct and proximate result of the above described unlawful employment practices, Ms. Sahan sustained a loss of income.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment on Count V above against Defendant, and order it to pay to Plaintiff any and all amounts owed to her which have been withheld in violation of 29 U.S.C. § 206(d), an equal amount as liquidated damages, attorneys' fees, costs and interest, and such other relief as the Court deems just and proper.

## COUNT VI

### Sex Discrimination: Failure to Promote (Title VII & Mass. Gen. L. c. 151B, § 4)

43. Plaintiff repeats and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Defendant Home Depot, discriminated against Ms. Sahan because of her sex (female) by failing to promote her in September 2004 and instead selecting a man, in violation of

Mass. Gen. L. c. 151B §4(1), and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

45. As a direct and proximate result of Defendant's discrimination, Ms. Sahan has suffered damages including, but not limited to, lost compensation, emotional distress and attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays this Court enter a judgment on Count VI above against the Defendant and award her compensatory damages, emotional distress damages, punitive damages, attorneys' fees and costs, interest, and such other relief as the Court deems just and proper.

### JURY DEMAND

**Plaintiff hereby demands a trial by jury on all counts so triable.**

Respectfully submitted,
By her attorneys,

/s/ *Nina Joan Kimball*
Nina Joan Kimball     BBO #547567
Justine H. Brousseau   BBO #553776
Kimball Brousseau LLP
One Washington Mall, 14th Floor
Boston, MA  02108
617.367.9449
nkimball@kbattorneys.com
jbrousseau@kbattorneys.com

Dated:  June 13, 2006