UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLGA A. SAHAN,<br><br>      Plaintiff,<br><br> v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>      Defendant. | Civil Action No. 05-11622 MLW |

**JOINT MOTION FOR APPROVAL OF CONFIDENTIAL SETTLEMENT
AGREEMENT AND ENTRY OF STIPULATED JUDGMENT**

Plaintiff Olga A. Sahan and defendant Home Depot U.S.A., Inc. seek approval of their settlement of plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the Massachusetts Payment of Wages Law, M.G.L. c. 149 and c. 151, and entry of a stipulated judgment. Because plaintiff's action and claims arise under the FLSA, the parties' settlement must be approved by the Court and approval must be entered as a stipulated final judgment.

1.  On August 4, 2005, plaintiff filed this lawsuit alleging that defendant had failed to properly pay her wages under Massachusetts law and the FLSA, and for discrimination because of her sex (female) in violation of M.G.L. c. 151B, Title VII of the Civil Rights Act of 1964, the Massachusetts Equal Pay Act (M.G.L. c. 149, § 105A), and the Federal Equal Pay Act (29 U.S.C. § 206(d)). By way of motion dated June 13, 2006, Plaintiff amended her complaint to add an additional count of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, and M.G.L. c. 151B.

1

2. The parties have conducted discovery. Defendant has taken the deposition of plaintiff and plaintiff has taken the depositions of company representatives. In addition, the parties have exchanged written discovery, including interrogatories and document requests.

3. After the close of discovery, on July 2, 2007, the parties, with their respective counsel, attended mediation before United States District Court Magistrate Judge Judith Dein. At the mediation, the parties engaged in successful settlement discussions. On July 5, 2007, the Court dismissed the case without prejudice if "within 60 days of this Order a motion is filed which represents that the terms of the settlement agreement have not been performed and there is good cause for the non-performing party or parties to have failed to perform."

4. Defendant and plaintiff have executed a confidential FLSA Settlement Agreement and Release a copy of which has been submitted to the Court for its review as Exhibit 1 to this motion. *See* Exhibit 1. The parties respectfully request that the Court approve the settlement and enter an order of dismissal and stipulated judgment in the form attached as Exhibit 2 hereto.  See Exhibit 2, Stipulation and (Proposed) Order.

5. The FLSA Settlement Agreement and Release resolves all of plaintiff's FLSA and wage claims (the "FLSA Settlement Agreement"). Section 216(c) of the FLSA authorizes the Secretary of the United States Department of Labor "to supervise" any settlement of claims under the statute. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). In the context of private litigation under the FLSA, district courts may approve a proposed settlement by entering a stipulated judgment. *Id.*; *Walton v. United Consumers Club, Inc.*, 782 F.2d 303, 306-

307 (7th Cir. 1986).  The entry of a stipulated judgment bars future litigation between the parties with respect to the same alleged violations or claims under the FLSA.  *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).

      6.      After being presented with a proposed settlement, the Court may enter a judgment after reviewing it for fairness.  *Lynn's Food Stores,* 679 F.2d at 1353.  In making the fairness determination, the Court must determine whether the settlement is a fair and reasonable resolution of a bona-fide dispute.  *Id.* at 1355.  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues… that are actually in dispute" the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation."  *Id.* at 1354.

      7.      These factors are met in this case.  Plaintiff claims she was not paid for all hours worked, and defendant has denied these allegations and denied any liability to Plaintiff.  Although the parties believe that their respective positions are meritorious, they have taken into account the uncertainty and risks inherent in litigation, as well as the costs each party will incur if the litigation continues.  As a result, and with the advice of counsel, they have concluded that it is in their mutual interest to resolve the wage portion of their litigation in the manner set forth in the attached FLSA Settlement Agreement.

      8.      The parties have engaged in arms-length settlement negotiations and in good faith have reached a confidential settlement as to all claims, which includes the FLSA Settlement Agreement.  Plaintiff's counsel has carefully considered the potential value of plaintiff's claims and has determined that the FLSA Settlement Agreement provides a fair and reasonable resolution of plaintiff's disputed wage claims, and

defendant supports this result because it eliminates the uncertainties and risks and costs of further litigation.

9. To ensure that the release of claims contained within the parties' confidential settlement agreement is valid and enforceable, the parties jointly present the attached Exhibit 1, for the Court's review.

WHEREFORE, the parties respectfully request that the Court enter an Order that the FLSA Settlement Agreement is fair and reasonable and enter an order of dismissal with prejudice and stipulated judgment.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| OLGA A. SAHAN | HOME DEPOT, U.S.A., INC., |
| By Her Attorneys, | By Its Attorneys, |
| KIMBALL BROUSSEAU LLP<br>One Washington Mall, 14th Floor<br>Boston Massachusetts  02108<br>(617) 367-9449 | MORGAN, BROWN & JOY, LLP<br>200 State Street<br>Boston, Massachusetts  02109<br>(617) 523-6666 |
| /s/ *Nina Joan Kimball*<br>Nina Joan Kimball  (BBO# 547567)<br>Justine H. Brousseau (BBO # 553776) | /s/ *Joseph P. McConnell*<br>Joseph P. McConnell (BBO 566412)<br>Jeffrey S. Siegel  (BBO# 647148) |
| Dated: October 26, 2007 | Dated: October 26, 2007 |

**Exhibit 1**

**FLSA SETTLEMENT AGREEMENT AND RELEASE**

1.  This FLSA Settlement Agreement and General Release (the "FLSA Agreement") is entered into by and between Olga A. Sahan (the "Employee") and Home Depot U.S.A., Inc., on its own behalf and on behalf of its past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees.  The term "Home Depot," when used in this FLSA Agreement, includes Home Depot U.S.A., Inc., its past and present parents, subsidiaries or affiliates, and their respective past or present predecessors, successors, assigns, representatives, officers, directors, agents or employees.

2.  Non-Admission.  This FLSA Agreement does not constitute an admission by Home Depot of any violation of any law or statute and the parties agree that neither this FLSA Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.  The Litigation.  The Employee filed a complaint dated August 4, 2005 in the United States District Court, District of Massachusetts, Docket No. 05-11622-MLW, as amended (the "Complaint"), alleging unpaid overtime wages in violation of M.G.L. c. 151, § 1A and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "Wage Allegations"), as well as other claims.  The Employee and Home Depot desire fully and finally to resolve Employee's Wage Allegations that have been made or could have been made by or on behalf of the Employee against Home Depot relating to conduct or events occurring at any time prior to and including the date on which this FLSA Agreement is executed relating to her compensation.

4.  Joint Motion for Judicial Approval.  After execution of this FLSA Agreement by the parties, the Employee and Home Depot will file with the Court a joint motion seeking judicial approval of this FLSA Agreement and the terms of the settlement, together with a proposed order and judgment dismissing the action with prejudice in the form attached as Exhibit 1.  Employee and her counsel shall effectuate dismissal through the filing and entry by the Court of the (1) "Joint Motion for Approval of Confidential Settlement Agreement and Entry of Stipulated Judgment" and (2)  "Stipulation and [Proposed] Order Approving Settlement, Placing Settlement and its Terms Under Seal, and Dismissing the Case with Prejudice," attached hereto as Exhibit 1.   The parties and their attorneys agree to cooperate in good faith in taking any necessary action to obtain final approval of the FLSA Agreement, to implement the terms and conditions in the FLSA Agreement, and dismissal of this case with prejudice as set forth in Exhibit 1.  The parties agree that Home Depot shall not make any payment to Employee unless and until the Court approves the settlement in a form satisfactory to Home Depot and dismisses the case with prejudice.  It is understood and agreed by all parties that if the Court refuses to enter judgment dismissing the case (as outlined herein) that this Agreement shall be voidable at the election of any party to the Agreement by written notification to the other party.

5.Payment to Employee.  In consideration for signing this FLSA Agreement and the fulfillment of the promises herein, Home Depot agrees to pay Employee the total sum of NINE THOUSAND DOLLARS ($9,000) in back wages, less any applicable federal, state and local taxes.  Home Depot shall issue an IRS Form W-2 on the $9,000 payment to Employee.   This payment is inclusive of all claims for attorneys' fees and expenses. Payment shall be made in a check payable to "Olga Sahan" and delivered to her attorneys, Justine Brousseau and Nina Kimball, Kimball Brousseau LLP, One Washington Mall, 14th Floor, Boston, MA  02108.  No payment shall be due until (1) fifteen (15) days after  the Effective Date (as defined in paragraph 20 below) and (2) after the entry of judgment as contemplated in Section 4 and Section 7 of this FLSA Agreement.

6.Sole Consideration.  Employee agrees that she will not seek any further recovery or compensation from Home Depot for any other claimed damages, costs, or attorney's fees in connection with her claim that she was not properly paid by Home Depot.

7.Withdrawal of Claims.  In consideration of the mutual obligations created by this FLSA Agreement, Employee stipulates unconditionally to dismiss her all of her claims against Home Depot with prejudice, all parties to bear their own costs and fees. Employee further agrees to take, or have her attorney take, any actions necessary to have her claims dismissed with prejudice in the litigation and waives and releases any right to initiate or join in any civil action against Home Depot for any matter accruing and/or arising prior to the execution of this FLSA Agreement.

8.Waiver and Release of FLSA Claims.  The Employee, on behalf of Employee, Employee's descendants, dependents, heirs, executors, administrators, assigns, and successors, and fully, finally and forever releases and discharges Home Depot, its past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees, from any and all claims and rights of any kind that Employee may have, whether now known or unknown, suspected or unsuspected, relating to any and all claims for wages  or compensation of any nature including but not limited to salary, hourly pay, commissions, bonuses, overtime pay, the amount of pay, the timing, means or manner of payment, scheduling, back pay, front pay, unpaid wages, related penalties, interest, lost benefits, compensatory damages, liquidated damages, punitive damages, attorney's fees, expert's fees, costs, and any other element of relief or damages which she claimed or could have claimed in the litigation against Home Depot or in any other actions against Home Depot, including without limitation claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and all Massachusetts state laws pertaining to the payment of wages or compensation.  The consideration described above is in full settlement of all claims for damages or any other relief sought or which could have been sought by Employee and/or her attorney against the Home Depot, including any claims for attorneys' fees and/or costs in the litigation with respect to her claim for unpaid wages and for her claim that she was not properly paid by Home Depot and she agrees to withdraw any other claims, charges, or complaints that the Employee has initiated or that others have initiated on the Employee's behalf against Home Depot in any forum.

Provided, this does not release claims relating to vested stock options issued to Employee or to vested benefits under Home Depot's employee stock purchase plan or 401(k) plan.

9.   Non-Interference.  Nothing in this FLSA Agreement shall interfere with the Employee's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or analogous state agency, or other federal or state regulatory or law enforcement agency. However, the consideration provided to the Employee in this FLSA Agreement shall be the sole relief provided to the Employee for the claims that are released by the Employee herein and Employee will not be entitled to recover and agrees to waive any monetary benefits or recovery against Home Depot in connection with any such claim, charge or proceeding without regard to who has brought such complaint or charge.

10.   Payment of Applicable Taxes.  Employee and Home Depot agree that they are and shall be solely responsible for all federal, state and local taxes that may be owed by each of them by virtue of the payment or receipt of any portion of the monetary payment provided under this FLSA Agreement.  The Employee agrees to indemnify and hold Home Depot harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to the Employee under this FLSA Agreement.

11.   Confidentiality and Non-Disclosure. From the date that Employee executes this agreement, Employee and her attorneys shall not disclose the fact of this Agreement, the terms of this Agreement, the facts and circumstances giving rise to this Agreement, or the existence of any claim that Employee has, or may have, that is subject to the release of claims contained in this Agreement, to anyone other than the Employee's spouse, immediate family members, attorney and/or tax and financial advisors, or pursuant to court order or subpoena or as otherwise required by law.  Should the Employee disclose information about this Agreement to the Employee's spouse, immediate family members, attorney and/or tax and financial advisors, the Employee shall advise such persons that they must maintain the strict confidentiality of such information and must not disclose it unless otherwise required by law.  If Employee and her attorneys are asked about this litigation, Employee and her attorneys will respond by saying, "The matter has been dismissed."  In the event that the Employee is compelled by legal subpoena or court order to provide information covered by this paragraph, Employee agrees to immediately notify Home Depot, through Joseph P. McConnell, Morgan, Brown & Joy, LLP, 200 State Street, Boston, Massachusetts 02109. Employee shall specifically instruct her attorneys, Nina Kimball and Justine Brousseau and the law firm of Kimball Brousseau, LLP, not to disclose or use the fact of this Agreement, the terms of this Agreement, the facts and circumstances giving rise to this Agreement, or the existence of any claim that Employees have, or may have, that is subject to the release of claims contained in this Agreement.

12.   Transfer of Claims.  The Employee represents and warrants that Employee has not assigned, transferred, or purported to assign or transfer, to any person, firm,

corporation, association or entity whatsoever, any released claim.  The Employee agrees to indemnify and hold Home Depot harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer.  Employee further warrants that there is nothing that would prohibit Employee from entering into this FLSA Agreement.

13.     No Future Employment. The Employee agrees and recognizes that Employee's employment relationship has been permanently and irrevocably severed.  The Employee hereby understands and agrees that Employee will not be re-employed by the Home Depot in the future and that Employee will never knowingly apply to the Home Depot, its subsidiaries, affiliates, parents or divisions for any job or position in the future.  The Employee agrees that if Employee knowingly or unknowingly applies for a position and is offered or accepts a position with Home Depot, its subsidiaries, divisions or affiliates, the offer may be withdrawn and the Employee may be terminated without notice, cause, or legal recourse.

14.     Non-Disparagement and Incitement of Claims.  The Employee agrees that Employee will not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of the Home Depot.  In the event such a communication is made to anyone, including but not limited to the media, public interest groups and publishing companies, it will be considered a material breach of the terms of this FLSA Agreement and the Employee will be required to reimburse the Home Depot for any and all compensation and benefits paid under the terms of this FLSA Agreement.  The Employee also agrees that Employee will not encourage or incite other current or former Employees of Home Depot to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Home Depot.  Home Depot agrees that it will instruct District Manager George Kay and Regional Human Resources Manager Noel Alvarez that, while he/she remains an employee of Home Depot, he/she should not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of Employee.

15.     No Prevailing Party.  The Employee shall not be considered a prevailing party for any purpose.

16.     Modification.  This FLSA Agreement shall not be changed unless in writing and signed by both the Employee and Home Depot.

17.     Severability.  The invalidity or unenforceability of any provision of this FLSA Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.  If any portion of this FLSA Agreement is found invalid, the parties agree to enter into a full and general Release by Employee that is not invalid.

18.     Employee's Acknowledgement.  The Employee acknowledges that no representation, promise or inducement has been made other than as set forth in this FLSA Agreement, and that the Employee enters into this FLSA Agreement without reliance upon any other representation, promise or inducement not set forth herein.  The

Employee further acknowledges and represents that Employee assumes the risk for any mistake of fact now known or unknown, and that Employee understands and acknowledges the significance and consequences of this FLSA Agreement and represents that its terms are fully understood and voluntarily accepted.  The Employee also acknowledges: (a) that Employee has consulted with or has had the opportunity to consult with an attorney of Employee's choosing concerning this FLSA Agreement and has been advised to do so by Home Depot; and (b) that Employee has read and understands this FLSA Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Employee's own judgment and/or the Employee's Attorney's advice.  The Employee acknowledges that Employee has been given a reasonable time to consider the terms of this FLSA Agreement.  The Employee acknowledges that Employee is getting more consideration under this FLSA Agreement than Employee is otherwise entitled.  Employee acknowledges that the proceeds of this FLSA Agreement shall not be cause for the recomputation of any of Employee's individual benefits that may have been provided by Home Depot, including but not limited to, retirement benefits.  Employee further understands and acknowledges that Employee is only releasing claims that arose prior to the execution of this FLSA Agreement.

19.    Twenty-One Day Consideration Period.  The Employee acknowledges that Employee has been given a period of at least twenty-one (21) days to consider the terms of this FLSA Agreement and, if Employee should execute it prior to the expiration of the twenty-one day consideration period, knowingly waives Employee's right to consider this FLSA Agreement for twenty-one days.

20.    Seven-Day Revocation Period.  The Employee acknowledges that Employee may, for a period of seven (7) days following the execution of this FLSA Agreement, revoke acceptance thereof.  This revocation must be done in writing and delivered to Joseph McConnell before the close of business on the seventh day.  This FLSA Agreement shall not become effective until the expiration of this seven-day revocation period (the "Effective Date").

21.    Headings.  The headings contained in the FLSA Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this FLSA Agreement.

22.    Choice of Law.  This FLSA Settlement Agreement and General Release is to be interpreted pursuant to the laws of the Commonwealth of Massachusetts, except where the application of federal law applies.


OLGA A. SAHAN                                      HOME DEPOT U.S.A., INC.

_____          By: _____

                                                             Title:_____

Date:_____          Date:_____

5

**Exhibit 2**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **OLGA A. SAHAN,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**HOME DEPOT U.S.A., INC.,**<br><br>          **Defendant.** | **Civil Action No. 05-11622 MLW** |

**STIPULATION AND [PROPOSED] ORDER**
**APPROVING SETTLEMENT AND DISMISSING THE CASE WITH PREJUDICE**

IT IS HEREBY stipulated and agreed between Plaintiff Olga A. Sahan and Defendant Home Depot, U.S.A., Inc. as follows:

WHEREAS, plaintiff has resolved her Complaint with defendant through a FLSA Settlement Agreement and Release and a Settlement Agreement and Release and voluntarily dismisses her Complaint and all claims against the defendant with prejudice;

WHEREAS, the FLSA Settlement Agreement and Release requires, among other things, that all claims for wages, liquidated damages, attorney's fees, and costs against the defendant be settled and compromised;

WHEREAS, the plaintiff has been effectively represented by counsel and having the terms of the FLSA Settlement Agreement and Release fully explained and understood;

WHEREAS, the parties jointly request that the Court reinstitute all claims contained in the Amended Complaint (including those that were dismissed per agreement of the parties on May 3, 2007), so that the parties may settle all claims with prejudice.

WHEREAS, plaintiff desires to compromise her claims and such desire appearing

proper; and

WHEREAS, this Court having considered the FLSA Settlement Agreement and Release. NOW THEREFORE, it is hereby ORDERED that:

1. The FLSA Settlement Agreement and Release is APPROVED by this Court and shall be considered binding;

2. All claims are DISMISSED with PREJUDICE, this Order acting as a final adjudication thereon;

3. Neither this Order, the FLSA Settlement Agreement and Release, nor any act performed or document executed pursuant to or in furtherance of the resolution of this matter is or may be used as an admission or evidence of the validity of any claims, alleged wrongdoing, or liability of the defendant;

4. Each side is to bear its own attorneys' fees and costs.

5. The case is CLOSED.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| OLGA A. SAHAN | HOME DEPOT, U.S.A., INC., |
| By Her Attorneys, | By Its Attorneys, |
| KIMBALL BROUSSEAU LLP<br>One Washington Mall, 14th Floor<br>Boston Massachusetts  02108<br>(617) 367-9449 | MORGAN, BROWN & JOY, LLP<br>200 State Street<br>Boston, Massachusetts  02109<br>(617) 523-6666 |
| /s/ *Nina Joan Kimball*<br>Nina Joan Kimball  (BBO# 547567)<br>Justine H. Brousseau (BBO # 553776) | /s/ *Joseph P. McConnell*<br>Joseph P. McConnell (BBO 566412)<br>Jeffrey S. Siegel  (BBO# 647148) |
| Dated:  October 26, 2007 | Dated:  October 26, 2007 |

**SO ORDERED**

_____      **Dated:_____**
**Chief Judge Mark L. Wolf**
**United States District Court (MA)**