```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

OLGA A. SAHAN,                )
     Plaintiff,               )
                              )
     v.                       )    No. 05-11622-MLW
                              )
                              )
HOME DEPOT U.S.A., INC.,      )
     Defendant.               )
```

                         MEMORANDUM AND ORDER

WOLF, D.J.                                      December 13, 2007

    Plaintiff Olga Sahan filed a complaint against Home Depot U.S.A., Inc. alleging, among other things, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. On July 2, 2007, Magistrate Judge Judy Dein held a mediation during which the parties agreed to a settlement of their dispute. See July 3, 2007 Report.

    The parties subsequently filed a motion requesting leave to file their Joint Motion for Approval of Confidential Settlement Agreement and Entry of Stipulated Judgment under seal. This court denied that motion without prejudice to possible reconsideration if the parties filed affidavits and memoranda showing good cause why the terms of the settlement should be confidential and the authority for ordering confidentiality. See Oct. 3, 2007 Order.

    In response to that Order, the parties filed a Joint Motion for Approval of Confidential Settlement Agreement and Entry of Stipulated Judgment without requesting that it be sealed. As the

terms of the settlement are now a matter of public record, the only issue remaining is whether the parties' settlement should be approved and entered as a stipulated judgment.

Prior to approving a proposed settlement compromising claims under the FLSA, the court must "scrutinize the settlement for fairness." Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F. 2d 1350, 1353 (11th Cir. 1982). If the settlement agreement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions" the court is permitted to approve the settlement. Id. at 1355. In addition, the agreement must be "fairly and honestly arrived at in arm's length dealing untainted by fraud or duress." Urbino v. Puerto Rico Ry. Light & Power Co., 164 F. 2d 12, 15 (1st Cir. 1947).

The court is satisfied that the proposed settlement meets the requirements for approval. The settlement is a compromise of issues genuinely in dispute, particularly the amount, if any, due as overtime wages. The parties represent that they "engaged in arms-length settlement negotiations and in good faith have reached a [ ] settlement as to all claims." See Oct. 26, 2007 Motion. As the settlement was reached during a mediation conducted by the Magistrate Judge, the court understands that this representation is reliable. As the settlement resolves a genuine dispute, was negotiated by counsel and the parties with the assistance of the magistrate judge, and the parties, particularly the plaintiff, are

satisfied with it, the court finds it to be fair and reasonable.

Accordingly, it is hereby ORDERED that:

1. The settlement agreement is approved.

2. The settlement agreement shall be entered as a stipulated judgment.

3. This case is otherwise dismissed.

4. This Order supercedes the Settlement Order of Dismissal entered on July 5, 2007 (Docket No. 24).

                                                 /s/ Mark L. Wolf
                                     UNITED STATES DISTRICT JUDGE